IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICQUA BRYANT,<br>　　　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| POTTSTOWN SCHOOL DISTRICT,<br>　　　　　　　Defendant. | NO. 24-699 |

### MEMORANDUM OPINION

Plaintiff Shanicqua Bryant, proceeding *pro se*, moves for reconsideration of the Court's dismissal of her First Amended Complaint. Fed. R. Civ. P. 59(e). For the reasons that follow, her Motion will be denied.

### I.   BACKGROUND

This case is part of a long-running dispute between Bryant and the Pottstown School District ("Pottstown") regarding the education of Bryant's son, D.H. *See Bryant v. Pottstown Sch. Dist.*, 2022 WL 3722084 (E.D. Pa. Aug. 29, 2022). At the conclusion of one of these cases, the parties entered into a settlement agreement,[1] which waived all claims against Pottstown, past or future, through the end of the 2024-2025 school year. In exchange, D.H. would receive compensatory education and a funded placement in a private school, and Bryant would receive money.

In this case, Bryant's Amended Complaint pressed claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and for discrimination under 42 U.S.C. § 1983. The Amended Complaint contains two sets of factual allegations. First, an

---

[1] Record of the settlement and other communications are attached to the Amended Complaint and can be considered here because they are "integral to or explicitly relied upon" by that pleading. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted).

administrative hearing had been conducted to evaluate her allegations that Pottstown had "illegally altered" D.H.'s Individualized Education Plan ("IEP") in "violation of [her] rights as a parent under the IDEA." That claim was dismissed because it was barred by the parties' settlement agreement even though, according to Bryant, it was procured "under duress" and is being challenged in state court. Second, Bryant alleged that Pottstown violated the IDEA "by not allowing a minor child who is a child identified with disabilities to attend classes at the school building or enroll at the school district." D.H. had been enrolled in a different school district for the 2023-2024 school year, but he moved back to the Pottstown School District "and by law . . . is supposed to attend Pottstown High School."

Bryant sought two forms of relief. First, she wanted "the Court to reverse [the] hearing officer['s] order, or issue [an] order . . . allowing [the] hearing officer to hear [her] due process complaint." Second, she sought an injunction "allowing [her] child D.H. to attend school at the Pottstown High School for the school year 2024-2025." She also sought damages. The Court dismissed her Amended Complaint in response to Pottstown's Motion to Dismiss, and Bryant now moves for reconsideration, citing "a different opinion from another hearing officer" and arguing that D.H.'s "transfer to the Pottstown School District comes off the heels of" the McKinney-Vento Act, a law that was not mentioned in the Amended Complaint.

II.     DISCUSSION

A court should grant a motion for reconsideration only in case of: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). The party seeking reconsideration bears the burden of demonstrating that one of these conditions is present. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration "may not be used to present a

new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, 2024 WL 3295593, at *3 (M.D. Pa. July 3, 2024) (internal quotation marks and citation omitted). Therefore, Bryant's arguments about a separate administrative proceeding and the McKinney-Vento Act are not grounds for reconsideration.

Here, as Bryant's Motion points to no changes in intervening law or new evidence, reconsideration is proper only if dismissal was clearly erroneous or would work a manifest injustice. She has not done so.

### A. Bryant's Section 1983 Claim Is Barred by Law

First, dismissal was not error with respect to Bryant's claim under 42 U.S.C. § 1983. It is well-established that, in light of the "comprehensive scheme" that the law sets out, "Congress did not intend § 1983 to be available to remedy violations of the IDEA." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 803 (3d Cir. 2007). Thus. dismissal of this claim was proper.

### B. Bryant's First IDEA Claim Is Barred by the Settlement Agreement

Second, dismissal was not error with respect to her claim appealing the hearing officer's opinion because her settlement agreement with the District barred her claim.

"The IDEA protects the rights of disabled children by mandating that public educational institutions identify and effectively educate those children, or pay for their education elsewhere if they require specialized services that the public institution cannot provide." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012) (quotation omitted). The IDEA guarantees every student with a disability a free and appropriate public education ("FAPE").[2] *Id.* A FAPE

---

[2] The Court notes that Bryant appears to be pressing some IDEA claims on behalf of D.H. despite proceeding *pro se*, which is not permitted. *See Bryant v. Pottstown Sch. Dist.*, 2021 WL 4893368, at *3 n.3 (E.D. Pa. Oct. 20, 2021). Even if her claims were brought solely on her own behalf, however, dismissal of her claims was not clear error.

3

requires a student be placed in the "least restrictive environment" that will accord a student "a meaningful educational benefit." *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 390 (3d Cir. 2006) (quotation omitted); *see* 20 U.S.C. § 1412(a)(5). As with all sorts of federal rights, students' right to a FAPE can be secured via settlements with school districts. *See generally A.W. ex rel. N.W. v. Princeton Pub. Schs. Bd. of Educ.*, 2022 WL 989348, at *2 (3d Cir. Mar. 15, 2022) (not precedential) ("Settlements serve an important public policy in that they 'promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts.'" (quoting *D.R. ex rel. M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997))). Those settlements can be enforceable even where, as here, they prospectively waive rights under the IDEA. *D.R.*, 109 F.3d at 901-02.

A settlement agreement's validity is governed by state contract law. *See Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581-86 (3d Cir. 2009). And under Pennsylvania law, "settlement agreements are presumed valid and binding," so "the party seeking to avoid or nullify the agreement has the burden of proving the invalidity of the agreement by clear and convincing evidence." *Lewis v. Lewis*, 234 A.3d 706, 714 (Pa. Super. 2020) (citing *In re Ratony's Estate*, 277 A.2d 791, 795 (Pa. 1971)). Here, Bryant conclusorily alleged that the settlement was procured under duress, so she failed to meet that burden. Because the agreement therefore is enforceable, and, by its plain language, it covered this denial of FAPE claim, there was no error in dismissing it.

### C. Bryant Failed to Exhaust the Remaining IDEA Claim

Finally, dismissal of her second, new IDEA claim was not error because she has failed to properly exhaust it. An IDEA claim only falls within the district court's jurisdiction upon "completion of [its] administrative process." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014); *see* 20 U.S.C. § 1415. The law's exhaustion requirement applies to

4

placement disputes like the one Bryant presses here.  *See M.S. v. Marple Mewtown Sch. Dist.*, 635 F. App'x 69, 72 & n.10 (3d Cir. 2015) (not precedential) (citing *D.M. v. N.J. Dep't of Educ.*, 801 F.3d 205, 215 (3d Cir. 2015); *Drinker ex rel. Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996)).  Bryant did not exhaust this claim, which is not mentioned in the administrative record or her Amended Complaint.

### III.     CONCLUSION

For the foregoing reasons, Bryant's Motion for Consideration will be denied.  An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**
